IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. PERRY AYERS,  )  | | |
|     An individual,  )  | | |
|         Plaintiff,  )  | Case No. 16-CV-67-RAW | |
|  )  | | |
| v.  )  | JURY TRIAL DEMANDED | |
|  )  | | |
| 2. HADMAC, INC., d/b/a MCDONALDS  )  | ATTORNEY'S LIEN CLAIMED | |
|     a domestic corporation,  )  | FOR THE FIRM | |
|         Defendant.  )  | | |

### COMPLAINT

**COMES NOW** the Plaintiff, Perry Ayers, ("Plaintiff") by and through his attorney of record, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following Complaint against Defendant Hadmac, Inc. d/b/a McDonalds ("Defendant") and hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* and the common law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff was employed by Defendant as a crew member from approximately January 2014 to September 2014.

7. Plaintiff is a member to a protected class, to wit: an employee subjected to sexual harassment due to his gender, to wit: a male.

8. Defendant was and is now existing under the laws of the State of Oklahoma and maintains a facility in Warner, Oklahoma where Plaintiff was employed during all relevant periods.

9. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on December 16, 2015 (attached hereto as Exhibit A and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

1. Plaintiff became employed by Hadmac, Inc. d/b/a McDonald's as a crew member in Warner, Oklahoma in January 2014 at the age of 16.

2. In April 2014, Amanda Holdridge, a member of Defendant's management team, began making sexually explicit comments to Plaintiff. Some of those comments are, as follows:

    a. "Maybe we could have some fun later tonight, just you and me, nobody would have to know;"

    b. "Let me suck your dick, tape it and send it to my boyfriend to make him jealous;"

    c. "Do you want to f*** tonight?;"

    d. "Let's meet after work so I can teach you a thing or two."

3. On numerous occasions, Ms. Holdridge would ask Plaintiff to go out with her or party with her.

4. In addition to the comments, Ms. Holdridge sent Plaintiff text messages of a sexually explicit nature. Some of those texts included comments such as "let me suck your dick."

5. Many of Plaintiff's Managers and co-workers witnessed these incidents, comments and text messages. Every time Ms. Holdridge was inappropriate, Plaintiff would ask her to stop sexually harassing him.

6. As Plaintiff would not respond to her advances, Ms. Holdridge reduced Plaintiff's hours by approximately one-half. She warned Plaintiff that his job was in jeopardy.

7. On or about August 14, 2014, Ms. Holdridge approached Plaintiff at work to say that the store cameras were not working. Plaintiff replied, "OK, what is your point?" Immediately, Ms Holdridge grabbed Plaintiff's genitals and smiled. A Manager, Laura Sullivan, was working in the drive through window and witnessed the incident.

8. On August 16, 2014, prior to her leaving work, Ms. Holdridge told Plaintiff she had a surprise for him. A few minutes later she sent Plaintiff pictures of her vagina and breasts to his phone via text message.

9. Ms. Holdridge's behavior towards Plaintiff over those four months caused him to become withdrawn and insecure. Plaintiff did not want to work when she was on duty. She had created a very fearful, negative and unstable environment.

10. Subsequently, Plaintiff became so distraught over Ms. Holdridge inappropriate behavior, he finally reported it to his parents.

11. Plaintiff wrote a statement to the Manager, supervisor and Human Resources to complain about the sexual harassment.

12. Plaintiff also wrote a statement and filed a police report regarding Ms. Holdridge's behavior.

13. Subsequently, Ms. Holdridge took Plaintiff off the schedule completely for reporting her behavior.

14. On or about September 11, 2014, Plaintiff went to retrieve his last pay check.  Two managers asked him why he had not been at work.  Plaintiff advised them that Ms. Holdridge had taken him off the schedule so he assumed that he was terminated.  Further, he advised them that due to everything that had occurred, he did not feel comfortable returning to work.

15. Ms. Holdridge's unwanted, offensive comments and physical contact have caused Plaintiff embarrassment, pain, and suffering.

16. Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil Rights Act.

17. Plaintiff was retaliated against for opposing the sexual harassment in violation of Title VII of the Civil Rights Act.

## FIRST CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

1. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein

2. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

3. By and through, but not limited to, the actions described above, the Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq.*

4. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

5. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

6. Plaintiff has been injured by the sexual harassment he was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

   **WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF TITLE VII)

7. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

8. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to complain of the sexual harassment he was subjected to as an employee in Defendant's employ.

9. Plaintiff reported the discrimination he was subjected to as an employee of Defendant to both his immediate supervisor and Defendant's Human Resources Department.

10. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, limiting the hours Plaintiff could work and terminating his employment.

11. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the sexual harassment he was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

1. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.
2. That Defendant knew or should have known that Defendant's agent and employee, Amanda Holdridge, had a propensity for sexually harassing employees, as demonstrated by the observations of its management and/or supervisory employees and Plaintiff's prior reports of same.
3. That at the time Defendant's employee was sexually harassing Plaintiff, Defendant had reason to believe that the employee would create an undue risk of harm to others.
4. That Defendant failed to act upon this belief.
5. That the Plaintiff was injured because of Defendant's failure to act.
6. That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of

6

damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

                                                  Respectfully Submitted,

                                                  ARMSTRONG & VAUGHT, P.L.C.

                                                  */s/ Charles C. Vaught*
                                                  **Charles C. Vaught, OBA #19962**
                                                  2727 E. 21st Street, Suite 505
                                                  Tulsa, Oklahoma   74114
                                                  (918) 582-2500 Telephone
                                                  (918) 583-1755 Fax
                                                  **Attorney for Plaintiff**